J-S66009-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MEGAN BLAIR HOOKEY | : | |
| | : | |
| Appellant | : | No. 1815 WDA 2016 |

Appeal from the PCRA Order November 9, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000404-2011

BEFORE:   BENDER, P.J.E., DUBOW, J., and PLATT*, J.

CONCURRING STATEMENT BY DUBOW, J.:      FILED FEBRUARY 05, 2018

I agree with the reasoning and analysis of the Majority in its holding, but disagree with the conclusion that the conversations that the trial court's staff had with the victims were not ex parte conversations. The Majority reasons that because it was the trial court's staff, and not the trial court judge himself, who had the conversations with the victims, the conversations were not ex parte.

The Code of Judicial Ethics, Rule 2.9 (A), inter alia, prohibits a judge from considering ex parte communications made to the judge outside of the presence of the parties concerning a pending matter.  The Rule also requires that the judge make reasonable efforts to ensure that his staff does not violate this rule on ex parte conversations:

_____
*   Retired Senior Judge assigned to the Superior Court.

A judge shall make reasonable efforts, including providing appropriate supervision, to ensure that this Rule is not violated by court staff, court officials and others subject to the judge's discretion and control.

Code of Judicial Ethics, Rule 2.9 (D). My interpretation of this rule is that it is not only the judge, but also the judge's staff, who are prohibited from having an ex parte conversation with a witness.

In this case, the trial court judge at a probation revocation hearing stated on the record that he had spoken to the alleged victims about threats Appellant had made to them. Appellant argues that the ex parte communications as well as other factors demonstrated that the trial judge was biased and could not fairly preside over her PCRA claims. The trial court justified the ex parte comments by stating in his PCRA Court Opinion that it was not him, but his staff, who spoke to the alleged victims and conveyed the information to him:

> When the phrase "the Court" is used it does not mean me, personally did something. Contrary to Ms. Hookey's assertion, PCRA paragraph 32, I did not personally speak to any witness. My staff was the intermediary who received the call and engaged in the conversation and then relayed the contents to me.

PCRA Ct. Op., dated 4/24/17, at 3 n. 3.

Based on this assertion, the Majority concludes that the trial court did not have ex parte communications. I disagree. The staff member's conversations outside of the presence of the parties with the alleged victims are ex parte conversations in the same manner that they would be if it were the trial judge having the conversations. This fact, however, does not

change my conclusion that, looking at the evidence as whole, the court was neither biased nor prejudiced.